IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN LEE RINEHART, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:19-cv-00940-S (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Brian Lee Rinehart, a Texas prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the petition to the United States magistrate judge for findings and a recommendation, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS in part and DENY in part Rinehart's petition.

I.

In October 2012, Rinehart was charged by information with possession of methamphetamine with the intent to deliver between one and four grams in Johnson County, Texas. *See The State of Texas v. Brian Lee Rinehart*, Case No. F46964. He later pleaded guilty pursuant to a plea agreement and entered his voluntary waivers and judicial confession. On December 11, 2012, the district court judge deferred adjudicating guilt and placed Rinehart on ten years' community supervision.

On January 17, 2017, the State filed a motion to revoke Rinehart's community supervision based, in part, on a subsequent theft conviction. On August 3, 2017, the district court revoked his supervision and sentenced him to ten years' imprisonment.

On July 21, 2018, Rinehart filed an application for a state writ of habeas corpus challenging his conviction. The Texas Court of Criminal Appeals (CCA) denied the application without a written order on September 19, 2018.

On October 2, 2018, Rinehart filed his § 2254 petition in this court.[1] Pet. (ECF No. 1). He later moved to add supplemental facts. Mot. (ECF No. 9). On May 15, 2019, the Court allowed him to supplement his claims with additional facts. Ord. (ECF No. 10). In his petition, as supplemented, Rinehart raises six general claims. The second, third, fourth, fifth, and sixth claims relate to the proceedings leading to his placement on community supervision, while the first claim relates to the subsequent revocation and adjudication of guilt. Specifically, Rinehart claims:

1. He received ineffective assistance of counsel during his community supervision revocation proceeding because his attorney, Brian Bufkin, was employed by the Johnson County District Attorney's Office at the time he pleaded guilty;

---

[1] Rinehart's petition is signed and dated both October 2, 2018 and October 3, 2018. Pet. 10 (ECF No. 1). The Court will assume his petition was filed on October 2, 2018, the earlier date.

2. His trial attorney, Kimberly Baker, provided ineffective assistance of counsel when she:

    a. failed to investigate;

    b. told him to plead guilty or he would receive a 50-year sentence;

    c. failed to object to the information;

    d. failed to challenge the fact that the drugs were in a vehicle he did not occupy or own, and his fingerprints were not on the drugs;

    e. failed to file a motion for discovery;

3. He is actually innocent because there is no link between him and the crime, and he was charged because of his past;

4. He was denied due process where:

    a. He was arraigned on a lesser charge than the one he was ultimately convicted of;

    b. The information was legally deficient because it failed to contain all of the elements of the offense of conviction;

    c. He pleaded guilty to a charge he was not aware of;

    d. A presentence investigation was not conducted before he was given probation;

    e. The police report states that he possessed cocaine, but the information states he possessed methamphetamine;

    f. The police affidavit states he possessed less than one gram, but he was charged with possessing over one gram;

5. His guilty plea was not knowingly and voluntarily entered because:

    a. He was not informed of the "true charge" against him;

    b. He was advised that he would receive a 50-year sentence if he refused to plead guilty;

    c. Baker failed to investigate;

6. He was maliciously prosecuted because:

    a. The State amended the information;

    b. The information did not contain all of the elements of the offense;

    c. He did not receive notice of the amended information;

    d. The police report stated that he had cocaine, but the information alleged he had methamphetamine;

    e. The State acted vindictively toward him because of a prior lawsuit; and

    f. He was not arraigned on the intent to deliver charge.

Respondent filed an answer (ECF No. 17), and Rinehart filed a reply. The issues are fully briefed, and Rinehart's claims are ripe for adjudication.

## II.

**A. Rinehart's second, third, fourth, fifth, and sixth claims are time-barred.**

In Rinehart's petition, the second through sixth claims relate to his guilty plea on the 2012 drug charge and the suspended sentence. These claims were filed after his federal limitations period expired, and they are therefore untimely.

    1.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A). Here, the state court entered judgment in Rinehart's drug case on December 11, 2012. He did not file a direct appeal, and his conviction became final on January 10, 2013, thirty days after the date of his judgment and sentence. *See* Tex. R. App. P. 26.2(a)(1) (including the time limits for properly filing a notice of appeal). Rinehart then had one year, until January 10, 2014, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). He did not file his petition in this Court until October 2, 2018, more than four years after the deadline expired. Rinehart's petition is therefore untimely.

Rinehart filed a state habeas application on July 21, 2018, which would generally toll the limitations period. *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (noting that a state habeas application tolls the limitations period under § 2244(d)(2)); *Broussard v. Thaler,* 414 F. App'x 686, 687-88 (5th Cir. 2011) (per curiam) ("AEDPA provides that '[t]he time during which a properly filed application for State post-conviction or other

5

collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") (quoting 28 U.S.C. § 2244(d)(2)). In this case, however, Rinehart's filing of a state habeas application did not toll the limitations period. He filed his application on July 21, 2018, over four years after the limitations period had expired. Therefore, his state habeas application did not toll the limitations period. *See Flores v. Quarterman,* 467 F.3d 484, 485 n.2 (5th Cir. 2006) (per curiam) ("While the filing of a state habeas application ordinarily tolls the federal one-year statute of limitations, [the petitioner] did not file his state application until … more than one year after his sentence became final, and almost two months after the statute of limitations expired.") (citing *Scott,* 227 F.3d at 263) (holding that state habeas applications filed after the expiration of the limitations period do not toll the limitations period).

2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis,* 158 F.3d at 811). The Fifth Circuit has held that "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary

6

way from asserting his rights." *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999), *abrogated on other grounds by Causey v. Cain,* 450 F.3d 601, 605-06 (5th Cir. 2006). A petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Here, Rinehart's § 2254 petition includes the following direction: "If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition." Pet. 9 (ECF No. 1). Rinehart responded that his case was not a "final conviction" until August 3, 2012, and he was "probated on 12-11-12. Therefore[,] it is within the limitations of statute." *Id.* Rinehart is mistaken that his conviction became final on August 3, 2012. As discussed, his conviction became final on January 10, 2013, and his explanation is insufficient to demonstrate that he is entitled to equitable tolling. Moreover, if his conviction became final on August 3, 2021, his petition would be even more untimely. For these reasons, he fails to meet his burden of demonstrating that he is entitled to equitable tolling. *See Phillips,* 216 F.3d at 511.

3. Actual Innocence

The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment

7

is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations."² *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.*

Rinehart argues that he is actually innocent. *See* Pet. 6 (ECF No. 1) ("At no time was I guilty of poss w/intent to deliver."); Reply 1, 5 (ECF No. 22); *see also* Mot. Supp. 9-10 (ECF No. 9). Specifically, he argues that there are no fingerprints that link him to the bag containing drugs. Pet. 6 (ECF No. 1). He further argues that there are no eyewitnesses. *Id.* However, Rinehart has not come forward with new, reliable evidence to establish that he did not commit the possession of methamphetamine offense for which he was convicted. Moreover, he pleaded guilty, and this likely foreclosed the "gateway" to overcome the limitations bar. *See Thomas v. Stephens*, 2014 WL 929031, at *3 (N.D. Tex. Mar. 7, 2014); *see also Jackson v. United States*, 2013 WL 5295701 (E.D. Wis. Sept. 18, 2013); *Sidener v. United States*, 2013 WL 4041375 (C.D. Ill. Aug. 8, 2013); *United States v. Cunningham*, 2013 WL 3899335 (S.D. Tex. July 27, 2013). *But see Green v. Williams*, 2013 WL 4458971 (D. Nev. Aug. 16, 2013). Rinehart has thus

---

² *House v. Bell*, 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995).

8

failed to demonstrate that actual innocence serves as a gateway through which his time-barred claims can pass.

Rinehart's second, third, fourth, fifth, and sixth claims are time-barred and should be dismissed without prejudice.

**B.     Rinehart's first claim fails on the merits.**

In his first claim, Rinehart argues that his attorney at the revocation proceedings, Brian Bufkin, provided ineffective assistance of counsel because there was a conflict-of-interest inherent in his representation. Pet. 6 ([ECF No. 1](#)); Mot. Supp. 1-2 ([ECF No. 9](#)). Specifically, Rinehart claims that Bufkin worked for the Johnson County District Attorney's Office at the time of his guilty plea. Pet. 6 ([ECF No. 1](#)); Am. Pet. 1-2 ([ECF No. 9](#)).

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. [*Strickland v. Washington*, 466 U.S. 668, 688 (1984)](#). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. [*Id.* at 689](#). The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. [*Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984)](#); [*Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981)](#).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

The Sixth Amendment right to counsel includes the defendant's right to an attorney who is not "burdened by an actual conflict of interest." *Strickland*, 466 U.S. at 692. The *Strickland* test is used to evaluate a conflict of interest claim unless an "attorney's representation of multiple clients created a conflict of interest." *See Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996). To demonstrate a violation of the Sixth Amendment when a defendant has not raised an objection at trial must demonstrate that an "actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980). "A conflict [of interest] exists when defense counsel places himself in a position conducive to divided loyalties." *United States v. Medina*, 161 F.3d 867, 870 n.1 (1998) (citations omitted); *see also United States v. Vasquez*, 298 F.3d 354, 360 (5th Cir.

10

2002). A possibility that there is a conflict of interest is not sufficient. *Cuyler*, 446 U.S. at 350; *see also Guidry v. Lumpkin*, 2 F.4th 472, 491 (5th Cir. 2021) (a petitioner must show there was an "actual conflict of interest" that affected his attorney's performance). "The petitioner must specifically identify instances in the record that reflect that his counsel made a choice between possible alternative courses of action[.]" *Perillo*, 79 F. 3d at 447.

In this case, Rinehart does not allege that Bufkin's conflict-of-interest arose from the representation of multiple clients. Therefore, a traditional *Strickland* analysis is appropriate here. *See Perillo*, 79 F.3d at 447.

Rinehart's allegations that Bufkin was employed by the Johnson County District Attorney's Office when he pleaded guilty fail to demonstrate a conflict-of-interest. Rinehart has failed to demonstrate that this rose to the level of an "actual conflict." *See Cuyler*, 446 U.S. at 350; *Guidry*, 2 F.4th at 491. In addition, Rinehart has not met his burden under *Strickland*. Specifically, he has failed to show that Bufkin provided deficient performance. Similarly, he has not demonstrated he would not have pleaded guilty but for his attorney's actions. *See Bond v. Dretke*, 384 F.3d 166, 167-68 (5th Cir. 2004) ("To prove prejudice for an ineffective assistance of counsel claim in the context of a guilty plea, the habeas petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.")

11

(quotation omitted); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985). For these reasons, Rinehart's first claim should be denied.

## C. Rinehart has not met his burden under the AEDPA with respect to his first claim.

Finally, with respect to his first claim, Rinehart has not met his burden of proof under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254. The AEDPA provides:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U. S. C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States

12

Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.* Consistent with the AEDPA, this Court must defer to the state court determinations.

The state habeas court implicitly found that Rinehart's first claim was without merit.[3] Then, on September 19, 2018, the CCA denied the application without a written order. SHCR-06 at "Action Taken" sheet. Therefore, this decision was an adjudication on the merits. *See Davila v. Lumpkin,* 2021 WL 6205855, at *3 n.4 (S.D. Tex. Sept. 28, 2021) (citing *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999) ("In our writ jurisprudence, a "denial" signifies that we addressed and rejected the merits of a particular claim while "dismissal" means that we declined to consider the claim for reasons unrelated to the claim's merits.")). Rinehart has not demonstrated that the state court's decision was unreasonable under the AEDPA. Consequently, he has not met his burden, and this Court should not grant habeas relief. *See* 28 U.S.C. § 2254(d)(1).

### III.

For the foregoing reasons, the Court should DISMISS in part and DENY in part Rinehart's § 2254 petition.

---

[3] The deference afforded a state judge's determination of a factual issue applies to both express findings of fact and implied findings of fact. *Rodriquez v. Quarterman,* 535 F. Supp. 2d 820, 830 (S.D. Tex. Oct. 9, 2007) (citing *Garcia v. Quarterman,* 454 F.3d 441, 444-45 (5th Cir. 2006)).

13

Signed March 15, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).